IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH DEWAYNE FORD,  § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | No. 3:05-CV-0659-P |
| § | | |
| DOUG DRETKE, Director, § | | |
|     Texas Department of Criminal Justice, § | | |
|     Correctional Institutions Division, § | | |
|     Respondent. | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2241.

    Parties:  Petitioner Kenneth Dewayne Ford ("Ford" or "Petitioner") is an inmate confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Huntsville, Texas.  Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutional Division.

    Statement of Case:  On May 24, 1991, Petitioner plead guilty to the felony offense of burglary of a motor vehicle in the 363rd Judicial District Court in cause number 91-60946-IW. Punishment was assessed at twenty-five years imprisonment. A history of Petitioner's appellate

proceedings is unnecessary, as he does not challenge his underlying conviction, but rather asserts that he is illegally confined because he is entitled to be released on mandatory supervision.

On January 12, 2005, Petitioner filed a state application for a writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07, raising the above claim. *Ex Parte Ford,* Appl. No. 40,341-06. His application was denied without written order based on the findings of the trial court without a hearing on March 9, 2005. *Id.* at cover.

Ford filed the instant application for habeas corpus on March 31, 2005. On June 6, 2005, Respondent filed an answer along with copies of Petitioner's pertinent state proceedings. Petitioner filed a traverse on July 20, 2005.

Findings and Conclusions:

In his sole ground for relief, Petitioner asserts that he is unlawfully confined because he is entitled to release on mandatory supervision. Review of Ford's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act which in pertinent part provides that a federal court cannot grant relief under § 2254 unless the adjudication of the state prisoner's claim in the state court system "resulted in a decision that involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." § 2254(d)(1) & (2). Further, findings of fact made by a State court are presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1).

Petitioner is entitled to release on mandatory supervision when the aggregate of his calender time and his accrued good conduct time equal the maximum term to which he was sentenced. *See* Tex Code Crim. P. art. 42.18 §8(c)(1991). In Ford's state habeas application,

2

the State presented the affidavit of William W. Seigman, a director of the review and release processing section of the Texas Department of Criminal Justice - Parole Division, to the effect that Petitioner had previously been demoted in time earning status or had good time credits forfeited such that his mandatory release date had been extended. Ford's records[1] reflect a mandatory release date of December 19, 2010, subject to adjustment based on either promotions in time earning classification or demotions due to additional disciplinary infractions. *Ex Parte Ford* at 21-22. The trial court, on which the Texas Court of Criminal Appeals relied, found that Mr. Seigman's statements were "true, correct, and dispositive of the allegation presented by [Ford]." *Id.* at 18, cover.

In his traverse, Petitioner contends that his chief complaint is that he has not been reviewed for mandatory supervision because he is not in the same or higher time earning status to which he was assigned at the beginning of his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. A prisoner has no constitutional right to be classified in a certain category. *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995). Moreover, it appears that he has been placed in Line Class III, in which no good time credits can be earned (*See* Resp't's ans. at 8) because of his unsatisfactory conduct, both while in prison and on parole.

---

[1] The records reviewed were attached to the affidavit. *Ex Parte Ford* at 24-31.

RECOMMENDATION:

Petitioner has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2241. It is therefore recommended that the petition be denied and dismissed.

The Clerk will mail a copy of this recommendation to Petitioner and to counsel for Respondent.

Signed this 29th day of July, 2005.

_____
William F. Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.